IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMPERIAL TRADING CO., INC., § | | |
| As Plan Administrator of the § | | |
| Imperial Trading Co., Inc. Health § | | |
| Plan, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-1945 |
| § | | |
| HCA INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This ERISA[1] case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 6] filed by Defendant HCA Inc. ("HCA"), to which Plaintiffs Imperial Trading Co., Inc. (as Plan Administrator of the Imperial Trading Co., Inc. Health Plan) ("Imperial") and The Imperial Trading Co., Inc. Health Plan (the "Plan") filed a Response [Doc. # 8], and HCA filed a Reply [Doc. # 9]. Having carefully reviewed the full record and applied governing legal authorities, the Court **denies** the Motion to Dismiss the Plan for lack of standing and **grants** the Motion to Dismiss the state law claims as preempted by ERISA.

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

## I.   BACKGROUND

Plaintiffs allege that the Plan erroneously paid ERISA benefits to Defendant. Specifically, a former employee of Imperial and a Plan participant (not a party to this lawsuit) received medical care are Defendant's facility, Tulane University Hospital and Clinic.  Plaintiffs allege that, at the time the medical services were provided and the benefits paid, they were unaware that the former employee had enrolled in Medicare and was no longer covered by the Plan.  Plaintiffs paid Defendant a total of $117,500.95 in ERISA benefits.  When the error was discovered, Plaintiffs requested the Defendant refund the improperly paid funds.  Defendant repaid $52,753.04, but refused to repay the remaining $64,747.91.

Imperial and the Plan sued Defendant seeking to recover the remaining balance. Plaintiffs asserted a claim pursuant to 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)) for an equitable lien and constructive trust on the outstanding overpayment.  Plaintiffs also asserted state law claims for money had and received, breach of contract, and unjust enrichment.

Defendant moved to dismiss the Plan's claims for lack of standing.  Defendant also moved to dismiss the state law claims pursuant to Rule 12(b)(6) because the claims are preempted by ERISA.  The Motion to Dismiss has been fully briefed and is ripe for decision.

## II.     MOTION TO DISMISS THE PLAN FOR LACK OF STANDING

Section 502(a)(3) authorizes a civil action "by a participant, beneficiary, or fiduciary" to obtain equitable relief.  *See* 29 U.S.C. § 1132(a)(3).  Defendant argues that the Plan is not an ERISA fiduciary and, as a result, lacks standing to assert a claim pursuant to § 502(a)(3).  The Fifth Circuit, while recognizing that § 502(a)(3) limits the universe of proper plaintiffs in a civil action for equitable relief under ERISA, has allowed a Plan to pursue such a claim.  *See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348, 354 (5th Cir. 2003).  As a result, the Court **denies** the Motion to Dismiss the Plan for lack of standing.

## III.    MOTION TO DISMISS STATE LAW CLAIMS

Plaintiffs assert state law causes of action for money had and received, unjust enrichment, breach of contract as to the Plan, and breach of contract as to a Network Agreement pursuant to which Defendant allegedly agreed not to receive payments for medical services not covered under the Plan.  Defendant has moved to dismiss the state law claims as preempted by ERISA.

"[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a)." *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (citations omitted).  "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking

the same relief, regardless of how artfully pleaded as a state action." *Id.* (quoting *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)). In each state law claim, Plaintiffs seek the same relief they seek under the ERISA § 502 claim – recovery of the improperly-paid ERISA benefits. As a result, the state law claims are preempted by ERISA.

ERISA also preempts state law claims that "relate to" an employee benefit plan. *See* 29 U.S.C. § 1144(a) ("§ 514(a)); *Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006). When evaluating whether state law claims "relate to" an ERISA plan, the Court considers "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* In this case, Plaintiffs, through their state law claims, seek to recover ERISA benefits that they allege were improperly paid to Defendant. The claims directly affect the relationship among traditional ERISA entities – Plaintiffs are the Plan and the Plan Administrator, and Defendant is alleged to be a beneficiary of the Plan, having been paid pursuant to an assignment from the Plan participant. The Court concludes that the state law claims in this case "relate to"

the ERISA Plan and, as a result, are preempted. The Court **grants** the Motion to Dismiss the state law claims.

## IV. <u>CONCLUSION AND ORDER</u>

The Plan has standing to assert a claim pursuant to § 502(a)(3). Plaintiffs' state law claims to recover erroneously-paid ERISA Plan funds are preempted by ERISA. Consequently, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 6] is **DENIED** as to the request to dismiss the Plan for lack of standing and **GRANTED** as to the request to dismiss the state law claims.

SIGNED at Houston, Texas, this **1st** day of **September, 2010**.

_____
Nancy F. Atlas
United States District Judge